# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE SMITH,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.** |
| ] | **2:18-CV-01988-KOB** |
| **W.L. PETREY WHOLESALE** ] | |
| **COMPANY, INC.,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

This employment discrimination and sexual harassment matter comes before the court on Defendant W.L. Petrey Wholesale Company, Inc.'s "Motion to Dismiss for Failure to State a Claim/Alternatively Motion to Dismiss for Failure to Name Indispensable Parties or for Joinder." (Doc. 19). Petrey asserts that Plaintiff Willie Smith cannot state a Title VII or § 1981 claim against Petrey because the company was not Mr. Smith's employer as a matter of law. Petrey also argues in the alternative that, because Mr. Smith did not name as defendants the staffing agency that hired him, his alleged harasser at Petrey, and the staffing agency that hired the alleged harasser, the court must dismiss this case or order that those parties be joined in this case. For the following reasons, the court will deny Petrey's motion to dismiss.

1

## I.     STANDARDS OF REVIEW

Petrey brings its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "failure to state a claim upon which relief can be granted," and Rule 12(b)(7), "failure to join a party under Rule 19," so the court presents the standards of review under both Rules.

Under Rule 12(b)(6), a defendant can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The complaint will survive the motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be "plausible on its face," it must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the court accepts as true the factual allegations in the complaint. *Id.*

Under Rule 12(b)(7), a defendant can move to dismiss a complaint for the plaintiff's "failure to join a party under Rule 19." Rule 19 provides that certain persons *must* be included as parties to an action if feasible. Rule 19(a)(1) defines a "required party" as a person (1) whose absence will preclude the court from affording "complete relief among existing parties"; or (2) who "claims an interest relating to the subject of the action and is so situated that disposing of the action in

the person's absence may . . . impair or impede the person's ability to protect the interest[] or . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

So, on a Rule 12(b)(7) motion to dismiss, the court looks at the pleadings and any evidence presented by the parties to determine whether an absent person is a "required party" under Rule 19(a)(1), and, if so, must order that person joined if joinder is feasible. *Auto-Owners Ins. Co. v. Morris*, 191 F. Supp. 3d 1302, 1303 (N.D. Ala. 2016). If joinder is not feasible, then the court may permit the case to proceed without that person or dismiss the case. Fed. R. Civ. P. 19(b).

**II. BACKGROUND**

Consistent with the Rule 12(b)(6) standard of review stated above, the court accepts the following facts alleged in Mr. Smith's amended complaint as true.

On June 20, 2018, Mr. Smith, "a man of African ancestry," began working as an order puller for Petrey through a staffing agency. (Doc. 16 at ¶ 8). A forklift driver working for Petrey told Mr. Smith that the driver would pay Mr. Smith to perform oral sex on him. Mr. Smith refused, but the forklift driver pursued Mr. Smith throughout Petrey's facility, repeatedly grabbed his thigh, and continued to offer to perform oral sex. After Mr. Smith rejected several advances, the forklift driver said he would not pull any of Mr. Smith's orders until he agreed to oral sex.

Mr. Smith reported the forklift driver to his supervisor at Petrey and said that

3

he wanted to leave for the day. The supervisor spoke to the forklift driver in Spanish and the driver became angry and pointed at Mr. Smith in a threatening manner. Mr. Smith left the facility for the day out of fear that the driver wanted to fight him.

The following morning, the staffing agency that placed Mr. Smith at Petrey called Mr. Smith and informed him that he was not allowed back on Petrey's property because Petrey accused him of walking off the job.

From these facts, Mr. Smith brings claims against Petrey for race discrimination and sexually hostile work environment under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, retaliation under Title VII, and the tort of outrage under Alabama law.

## III. ANALYSIS

As stated above, Petrey brings its motion to dismiss under Rule 12(b)(6) and Rule 12(b)(7). The court addresses the motion under both Rules in turn.

*1.     Rule 12(b)(6)*

Petrey asserts that Mr. Smith cannot state a plausible claim for relief against Petrey under Title VII or § 1981 because Petrey was not Mr. Smith's employer as a matter of law. The court disagrees.

Granted, a defendant must be an employer to be subject to Title VII liability. *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994); *Hendon*

4

*v. Kamtek, Inc.*, 117 F. Supp. 3d 1325, 1328 (N.D. Ala. 2015). But the Eleventh Circuit interprets "employer" for purposes of Title VII and § 1981 liberally. *Virgo*, 30 F.3d at 1359. For example, even if a company maintains personnel employed by a staffing agency, and is thus not the personnel's *direct* employer, the company can still be liable under Title VII and § 1981 if the company "has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by" a staffing agency. *Peppers v. Cobb Cty., Georgia*, 835 F.3d 1289, 1300 (11th Cir. 2016); *see Hendon*, 117 F. Supp. 3d at 1328 (finding a jury question of whether a company was a joint-employer with the plaintiff's staffing agency under Title VII and § 1981).

Here, Petrey concedes that it and Mr. Smith's staffing agency could be Mr. Smith's joint employers under Title VII and § 1981. (Doc. 19 at 4). But Petrey asserts that "[t]he evidence will show the staffing agencies maintained all employee files, vetted employees, provided workers' compensation insurance, etc., with Petrey doing none of that here." (*Id.*). But arguments about what evidence might show are not appropriate at this stage because the court looks only at the factual allegations in the complaint on a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

And the factual allegations in the complaint plausibly show that Petrey was Mr. Smith's employer under Title VII and § 1981. Mr. Smith asserts that Petrey

directed his tasks at its facility, that he had to report to a supervisor at Petrey's facility to complain about the alleged harassment from a forklift driver, and that Petrey made the ultimate decision to not let him go back to work. So Mr. Smith has sufficiently alleged that Petrey "retained for itself sufficient control of the terms and conditions" of his employment and thus can be subject to Title VII and § 1981 liability. *See Peppers*, 835 F.3d at 1300.

2. *Rule 12(b)(7)*

Next, Petrey asserts that Mr. Smith's staffing agency, the alleged harasser, and the alleged harasser's staffing agency are indispensable parties to this action. So, according to Petrey, the court must join those parties or dismiss this case. The court disagrees.

As stated above, under Rule 19, an absent person is an indispensable party if the person's absence would prevent the court from giving complete relief among existing parties, impede the absent person's ability to protect his own interest, or subject an existing party to multiple or inconsistent obligations because of the absent person's interest. Fed. R. Civ. P. 19(a)(1). No such circumstances exist in this case.

Mr. Smith seeks to hold Petrey liable under Title VII and § 1981 for alleged race discrimination, sexually hostile work environment, and retaliation. Title VII and § 1981 extend liability to an employer for its employees' violative conduct, so

6

the alleged harasser's and the staffing agencies' absences in this case have no impact on the court's ability to give complete relief on the Title VII and § 1981 claims. Also, Mr. Smith could not state a Title VII claim against the alleged harasser because individual employees are not subject to Title VII liability. *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995). And Mr. Smith could not state a Title VII or § 1981 claim against the staffing agencies because the agencies did not decide to terminate Mr. Smith or control his work environment. Mr. Smith's staffing agency simply was not involved in the events that occurred at Petrey's facility and resulting decisions.

Also, the alleged harasser's absence from this case does not impede the court from giving complete relief on Mr. Smith's outrage claim because Mr. Smith seeks to hold Petrey vicariously liable for the alleged harasser's conduct. And none of the absent persons and entities have any interest that might be impaired by not participating in this case or that might subject the existing parties to the risk of multiple or inconsistent obligations. So no indispensable parties are absent under Rule 19 and thus no basis exists to dismiss this case under Rule 12(b)(7).

## IV. CONCLUSION

For the reasons stated above, Petrey can be held liable under Title VII and § 1981 and Mr. Smith has not failed to join any indispensable parties, so, by separate order, the court will **DENY** Petrey's motion to dismiss.

7

**DONE** and **ORDERED** this 21st day of October, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE